**E-FILED**
Thursday, 09 March, 2006  08:16:45 AM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION**

| | | |
|---|---|---|
| MICHAEL HAMLIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| LUIS TIGERA, JOHN PATE and STEVEN | ) | |
| FERMON, | ) | |
| | ) | |
| Defendants. | ) | **Jury Demand** |

**COMPLAINT**

NOW COMES the Plaintiff, Michael Hamlin [hereafter "Hamlin"] and for his claims against the defendants, Luis Tigera [hereafter "Tigera"], John Pate [hereafter "Pate"] and Steven Fermon [hereafter "Fermon"], states as follows:

**Introduction**

1.      This is a civil rights action brought by Hamlin pursuant to 42 U.S.C. § 1983 to redress the defendants' violations of the rights secured to him by the United States Constitution which resulted in the denial of a promotion.  Specifically, Hamlin alleges that he was denied equal protection as guaranteed to him through the Fourteenth Amendment of the Constitution when he was passed over for the position of Illinois Gaming Board Docksite Supervisor at the Paradice Casino.

**Jurisdiction**

2.      The jurisdiction of this Court is invoked pursuant to the terms of Title 28, United States Code, Sections 1331 and 1337 and Title 28, United States Code, Sections 1983 and 1988. This is a civil action arising under the laws of the United States.  Specifically, this is an action brought in furtherance of a certain Act of Congress guaranteeing to citizens of the United States

protections against the acts of public officers which infringe upon their rights under the Constitution of the United States.

The venue of this Court to entertain the issues raised in this case is appropriate by virtue of Title 28, United States Code, Section 1391(b) since the claims giving rise to the above captioned proceeding did occur within the judicial district of this Court.

**Parties**

3.    Hamlin has been employed by the Illinois Department of Revenue since October 15, 1990.  At all times he has performed his job duties in accordance with the legitimate expectations of the Department.

4.    Tigera is employed by the Illinois State Police and has been so employed at all times relevant to this complaint.  He is named in this proceeding individually and, for the limited purpose of implementing equitable relief, in his official capacity as well.

5.    Pate is employed by the Illinois State Police and has been so employed at all times relevant to this complaint.  He is named in this proceeding individually and, for the limited purpose of implementing equitable relief, in his official capacity as well.

6.    Fermon is employed by the Illinois State Police and has been so employed at all times relevant to this complaint.  He is named in this proceeding individually and, for the limited purpose of implementing equitable relief, in his official capacity as well.

**Allegations**

7.    On or about March 9, 2004 the Department of Revenue posted the position of Docksite Supervisor at the Par-A-Dice Casino in East Peoria, Illinois.

8.    Hamlin had been working in the position on a temporary basis since November 1,

2002 and had done an excellent job.  As such, he applied to be given the position on a permanent basis.

9.      Of all of the people who applied for the position, Hamlin was by far the most qualified applicant.

10.     Despite Hamlin's qualifications he was not selected for the position.  Rather, a less qualified individual was awarded the position.

11.     The decision to hire someone other than Hamlin was made, on information and belief, by Tigera, Pate and Fermon.

12.     The reason that Tigera, Pate and Fermon did not select Hamlin for the position was because he is a homosexual.

13.     That in refusing to select Hamlin for the position because of his sexual orientation Tigera, Pate and Fermon have violated his rights under the Equal Protection Clause of the United States Constitution.

14.     That as a direct and proximate result of the foregoing conduct, Hamlin, in addition to the loss of certain liberties to which he is entitled to protection under the Constitution of the United States, has suffered emotional anguish and distress, humiliation, inconvenience, damage to his reputation and the loss of the enjoyment of life.

WHEREFORE, Hamlin respectfully requests that this Court enter judgment in his favor and against defendants Tigera, Pate and Fermon and provide the following relief:

A.      Enter a declaratory judgment determining that the actions complained of in this complaint are unlawful in violation of the provisions of 28 U.S.C. §§ 1983 and 1988 and issue a mandatory injunction against defendants to refrain from engaging in any actions with

respect to Hamlin, which are prohibited under the terms of the foregoing law;

      B.    Issue a mandatory injunction ordering that the Illinois State Police to instate to Hamlin all employment duties, rights and obligations attendant to his position of employment which he would have held at the time of trial but for the discriminatory conduct complained of in this complaint.

      C.    Award Hamlin damages sufficient to compensate him for economic losses suffered as a result of the conduct as alleged in this Complaint.

      D.    Assess against Tigera, Pate and Fermon the costs and expenses incurred by Hamlin in maintaining the above captioned proceeding together with the reasonable attorney fees incurred by him in prosecuting the above captioned cause.

      E.    Assess against Tigera, Pate and Fermon, and in favor of Hamlin such compensatory and punitive damages as may be permitted by law.

      F.    Provide such other relief as the Court deems to be equitable and just.

**THE PLAINTIFF, MICHAEL HAMLIN, RESPECTFULLY REQUESTS THAT ALL ISSUES RAISED IN THIS COUNT WHICH MAY BY LAW BE PROPERLY TRIED BEFORE A JURY BE TRIED BY A JURY.**

Michael Hamlin

By:/s John A. Baker
     His Attorney

John A. Baker
Baker, Baker & Krajewski, LLC
415 South Seventh Street
Springfield, Illinois 62701
Telephone:    (217) 522-3445
Facsimile:    (217) 522-8234
E-mail:     *johnbakerlaw@sbcglobal.net*