**E-FILED**
Thursday, 25 January, 2007  03:18:24 PM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

| | | |
|---|---|---|
| Michael Hamlin, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  06-CV-1064 |
| | ) | |
| Luis Tigera, John Pate, | ) | |
| and Steven Fermon, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

Before the Court is Plaintiff's Motion for Leave to File a First

Amended Complaint (d/e 11).  For the reasons below, the Court

recommends the motion be denied.

### Legal Standard

After a responsive pleading is served, ". . . a party may amend the

party's pleading only by leave of court or by written consent of the adverse

party; and leave shall be freely given when justice so requires."  Fed. R.

Civ. Proc. 15(a).  Leave is not required if " . . . there is undue delay, bad

faith, dilatory motive, undue prejudice to the opposing party, or when the

amendment would be futile."  Bethany Pharmacal Co. v. QVC, Inc., 241

F.3d 854, 860-61 (7th Cir. 2001).  An amendment is futile if it could not survive a motion to dismiss.  Garcia v. City of Chicago, 24 F.3d 966, 970 (7th Cir. 1994); Widell v. Wolf, 43 F.3d 1150, 1151 (7th Cir. 1994)("Why allow a futile amendment, only to dismiss in the next breath?").  "The district court's decision to grant or deny a motion for leave to file an amended pleading is 'a matter purely within the sound discretion of the district court.'" Guise v. BWM Mortgage, LLC, 377 F.3d 795, 801 (7th Cir. 2004)(quoted cite omitted).

## Background

On March 8, 2006, Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983.  He alleges that Defendants violated his equal protection rights under the Fourteenth Amendment by denying him a promotion because he is a homosexual.  (Complaint, d/e 1, ¶ 12).  In particular, Plaintiff alleges that beginning in November 2002, he worked on a temporary basis as "Docksite Supervisor" at the Par-A-Dice Casino in East Peoria.  In March 2004, the Department of Revenue posted the position for permanent hiring.  Despite Plaintiff's superior qualifications and experience in the position, Defendants allegedly did not select him for the permanent position because of his sexual orientation.  (Complaint, d/e 1, ¶¶ 7-13).

### Proposed Amended Complaint

On July 31, 2006, Defendants filed their Answer.  (d/e 7).  On August 30, 2006, the Court set deadlines, with amended pleadings and joinder of parties due November 1, 2006, and discovery due April 15, 2007. (Scheduling Order, d/e 9).  Plaintiff filed his motion for leave to file an amended complaint on November 3, 2006, pursuant to an extension granted by the Court.  (11/3/06 text entry).

The proposed amended complaint adds a RICO[1] claim against two new defendants, William Cellini and Alonzo Monk.  (d/e 11, Proposed First Amended Complaint, ¶¶ 15-86).  Plaintiff alleges that these new defendants were part of a RICO conspiracy spanning more than 30 years, involving over 18 named individuals, including many high-ranking elected and appointed government officials, such as present and former governors. The allegations paint a maze of political, financial, familial and business alliances and quid pro quos.

The crux of the RICO allegations in relation to Plaintiff is that Cellini made political contributions to Governor Blagojevich's campaign in 2002 and 2006 in return for control over personnel decisions at the Illinois State

---

[1]Racketeer Influenced and Corrupt Organizations Act, 18 U.S. C. Sections 1961-1968.

Police and the Illinois Gaming Board.  (d/e 11, ¶ 82).  Cellini allegedly used

this control to ensure the appointment of individuals to regulatory positions

at the Gaming Board who "would be willing to not thoroughly follow the

rules and regulations of the gaming board" (d/e 11, ¶ 86), thereby enabling

Cellini to unlawfully steer state business and manipulate gaming regulation

for his personal gain.  Plaintiff alleges that he was passed over for

Dockside Supervisor in favor of an unqualified individual who was willing to

overlook the Board's rules and regulations in furtherance of the conspiracy.

## Analysis

There is no undue delay in Plaintiff's filing of the proposed amended

complaint, nor do Defendants contend bad faith or dilatory motive are at

work.  Defendants also do not argue that the amendment would be futile.[2]

Instead, Defendants object on the grounds that allowing the

Amended Complaint would "add unrelated causes of action that will require

---

[2]The Court is concerned about the futility of the RICO count, though Defendants have not raised the objection.  *See*, *e.g.,* Beck v. Prupis, 529 U.S. 494, 120 S.Ct. 1608 (2000)(no RICO cause of action for corporate president terminated in furtherance of RICO conspiracy).  However, the Court does not believe it appropriate to make a recommendation on that question *sua sponte*.

extensive and burdensome discovery." (d/e 12).[3] The Court agrees. The RICO claim involves the same injury--the failure to promote Plaintiff. However, it is an entirely new and alternative cause of action against new defendants, an alleged labyrinth stretching back 30 years and implicating numerous named and yet-to-be-discovered participants. Assuming arguendo that the RICO action survives the likely battle over its legal viability, the discovery it will entail is extensive. Discovery will involve years of financial records of private and public entities and individuals, records of political campaign contributions, inquisitions into the control of and motives behind employment decisions for government employees over many years at several different government offices, and depositions of many of the people listed in the RICO claim, including the present Governor and perhaps past Governors. Simply determining the proper parameters of discovery on the RICO claim will likely be a protracted legal battle in itself.

---

[3]Defendants point out that Plaintiff's counsel was denied leave to add an essentially identical claim in a different case in the Northern District of Illinois. Gnutek v. Illinois Gaming Board, 06-C-3561 (N.D. Ill., Judge Castillo). That does not help with the Court's analysis, since the motion to amend was denied in a minute entry without explanation. Gnutek was voluntarily dismissed without prejudice. Gnutek, 06-C-3561 (12/20/06 minute entry granting oral motion to voluntarily dismiss without prejudice). After that dismissal, Gnutek filed a complaint in the Central District against Cellini and Monk. Gnutek v. Cellini, 06-CV-3303 (C.D. Ill).

The Court believes saddling the current Defendants with this burden would be unfair and would unduly prejudice their defense of the discrimination claim against them.  The RICO claim against Defendants Cellini and Monk has nothing to do with Plaintiff's sexual orientation. Allowing the amendment would entangle the current Defendants in complicated and protracted RICO disputes unrelated to the equal protection claim against them.  Further, discovery on the equal protection claim would be indefinitely delayed pending resolution of these RICO disputes, arguably prejudicing Defendants' ability to garner evidence to defend the relatively simple claim against them.  Accordingly, the Court recommends the motion be denied.

WHEREFORE, the Court RECOMMENDS that Plaintiff's Motion for Leave to File a First Amended Complaint be denied (d/e 11).

Any objections to this Report and Recommendation must be filed in writing with the Clerk of the Court within ten working days after service of a copy of this Report and Recommendation. See 28 U.S.C. § 636(b)(1). Failure to timely object will constitute a waiver of objections on appeal.

Video Views, Inc. v. Studio 21, Ltd., 797 F.2d 538, 539 (7th Cir. 1986).

See also Local Rule 72.2.

     ENTER:    January 25, 2007

                            s/ Byron G. Cudmore

                       _____

                           BYRON G. CUDMORE
                      UNITED STATES MAGISTRATE JUDGE